IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARIO ANDJUAN PEEPLES,  :

    Petitioner,  :

vs.  :   CA 08-0708-KD-C

MIKE HALEY,  :

    Respondent.

## REPORT AND RECOMMENDATION

Mario Andjuan Peeples, an individual who has been committed to the custody of Taylor Hardin Secure Medical Facility for evaluation, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. (*See* Doc. 1) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed without prejudice to allow Peeples the opportunity to exhaust his state remedies.

## FINDINGS OF FACT

1.    Peeples filed the instant federal habeas corpus petition in this Court on December 9, 2008. (Doc. 1) According to the allegations in the complaint, petitioner is currently serving no time with respect to any

conviction. (*See id.* at 7) Peeples alleges that with respect to the two crimes for which he has been convicted (that is, public intoxication and sending a harassing communication) he was sentenced, on December 11, 2007, to time served (45 days). (*Id.*) In addition, petitioner alleges that all other criminal charges against him have been dismissed. (*Id.*)

      2.    According to Peeples, despite the fact that he has no pending criminal charges and has repeatedly requested his release from the Mobile County Metro Jail (*see id.* at 9), as of the date he filed his petition in this Court, December 9, 2008, he remained in the custody of the Warden of the Mobile County Metro Jail, Mike Haley (*see id.* at 1-13).

      3.    On January 5, 2009, this Court received from Peeples a letter advising of his change of address and seeking the status of his case. (Doc. 5) "I am currently at Taylor Hardin in Tuscaloosa, AL. I was transferred here on Monday, December 29, 2008. I arrived around 11:00 a.m. . . . I guess this is my new address until further notified. I do not have any charges or cases in criminal court whatsoever, although I am being held under these circumstances." (*Id.*)

**CONCLUSIONS OF LAW**

1.      A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

2.      A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process." *Id.* at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

      3.     A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id.* (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id.* (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and

every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

    4.    The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the

petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

     5.     The face of petitioner's complaint establishes that he has not presented the claims he asserts in his federal habeas petition to the state courts of Alabama.[1] In fact, his overall contention that he should be released from the

---

[1] While petitioner claims, in a conclusory manner, that he raised his claims in state court (Doc. 1, at 7-9), he also admits that he has not raised any of his claims on direct appeal

custody of Mike Haley, the warden of the Mobile County Metro Jail, because he has no criminal charges pending against him, appears moot not only because he has been transferred from the custody of the Mobile County Metro Jail (*see* Doc. 5) but also because he nowhere establishes that he does not have an adequate state remedy by which to challenge his commitment to Taylor Hardin Secure Medical Security. *Compare, e.g.,* Ala.Code § 22-50-1, *et seq. with* Ala.Rs.Crim.P. 11.1-11.9 & 25.1-25.8.[2] Accordingly, this action should be dismissed to allow Peeples the opportunity to exhaust his state remedies.

## **CONCLUSION**

---

(*id.*). At best, therefore, Peeples raised his claims to the state trial court.

[2] Given petitioner's allegations, the undersigned is not entirely sure that § 2254 provides the proper vehicle for his present attack since it is clear that a person held in pretrial detention "would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004). However, if, as presumed in the body of this decision, petitioner's true attack is upon his commitment to Taylor Hardin Secure Medical Facility, then § 2254 likely is the proper vehicle for his attack. *Compare id.* ("Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous. Under our reading, there remain some state prisoners to whom § 2254 does not apply.") *with Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983) ("The jurisdictional issue, not raised by the State, is a statutory question: whether the expiration of the challenged commitment order deprived the federal habeas court of its power to entertain the petition on account of the 'in custody' requirement of 28 U.S.C. § 2254.The mootness issue is of constitutional dimension: whether the expiration of the commitment order moots what was initially a live, justiciable controversy, and whether there are any collateral consequences or a reasonable probability of repetition sufficient to demonstrate that the case remains justiciable. We have no difficulty on this record concluding that the jurisdictional prerequisite to habeas relief is satisfied and that the case is not moot.").

The Magistrate Judge recommends that Mario Andjuan Peeples' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust his state court remedies.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 12th day of January, 2009.

     s/WILLIAM E. CASSADY
     **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

　　　　　　　　　　　　　　　　　　 s/WILLIAM E. CASSADY
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE